IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

KATRINA LEWIS

Plaintiff,

CASE NO.

HON.

MAGNA SEATING OF AMERICA, INC ., dba MAGNA POWERTRAIN,

Defendant.

---

CARLA D. AIKENS, P.L.C
CARLA D. AIKENS (P69530)
AUSTEN J. SEAROUSE (P84852)
Attorneys for Plaintiff
615 Griswold, Suite 709
Detroit, Michigan 48226
844-835-2993
carla@aikenslawfirm.com
austen@aikenslawfirm.com

---

**COMPLAINT**

Plaintiff, by and through her attorneys, asserts there is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence

Katrina Lewis, by and through her attorney, CARLA D. AIKENS, P.L.C., submit the following Complaint against DEFENDANT Magna Seating of America, Inc. dba Magna PowerTrain ("Magna").

**JURY DEMAND**

COMES NOW PLAINTIFF, Katrina Lewis and hereby makes her demand for trial by jury.

**JURISDICTION**

1. Plaintiff Katrina Lewis was a resident of Macomb County in the State of Michigan at all times relevant to this action.

2. Defendant Magna is a Delaware for-profit corporation with a continuous and systematic place of business located at 1080 N. 35th Street, Galesburg Michigan 49053, a registered agent address of 4000 Town Center Suite 2000, Southfield, Michigan 48075, and a place of business located at 6363 E. 14 Mile Road, Sterling Heights, Michigan 48312.

3. All relevant actions giving rise to this complaint took place in Macomb County in the State of Michigan.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331.

5. This is a suit authorized and instituted pursuant to the Civil Rights Act of 42 U.S.C. § 1981 ("Section 1981"); and declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue of this Court is pursuant to 28 U.S.C. § 1391(b), the judicial district in which a substantial part of the events giving rise to this claim occurred.

7. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

**FACTUAL ALLEGATIONS**

8. Plaintiff is an African American woman who began working for Defendant on or about June 20, 2023 as a Maintenance and Facilities Coordinator.

9. During the course of her employment, Plaintiff began to notice differential treatment between employees.

10. Specifically, Plaintiff noticed members outside her protected class were allowed to routinely use their personal phones at work.

11. Upon information and belief, this same right was not extended to Plaintiff due in whole or in part to her protected racial class.

12. This along with other conducted occurred repeatedly during the course of her employment leading to Plaintiff bringing up her concerns to employees of Defendant.

13. Plaintiff felt disrespected on a near day-to-day basis based on the differential treatment of employees and inconsistent enforcement of policies.

14. On or around December 6, 2023, Plaintiff received a message from her supervisor "Alex" that Plaintiff needed to be more careful about her personal phone use.

15. No write up or other such disciplinary action was issued by "Alex."

16. Upon information and belief, Plaintiff never received any formal disciplinary action for personal phone use.

17. No follow-up conversation occurred regarding the December 6, 2023 incident.

18. On or about December 15, 2024, Plaintiff was escorted to meet with the head of HR and her supervisor due to Denise Lumsden's claim Plaintiff made "a poor choice of words."

19. Plaintiff was summarily terminated at this meeting.

20. Plaintiff maintains this termination was not proper and was based in part on her protected class as well as retaliation for bringing complaints about the issues she faced while in Defendant's employment.

21. Plaintiff's termination came as part of a larger pattern or practice of Defendant of firing African-American workers – in particular, African-American women – for minor or made-up reasons.

## COUNT I
## RACIAL DISCRIMINATION IN VIOLATION OF 42 USC § 1981

21. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

22. 42 USC § 1981 prohibits employers from intentionally discriminating against individuals, including employees, in the making and enforcement of contracts.

23. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded him by the U.S. Constitution and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

24. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

25. The intentional discrimination on the basis of Plaintiff's race by Defendant that Plaintiff experienced included her termination, which broke the contract between the parties.

26. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

27. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

28. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of

earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT II
## DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

29. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

30. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of the ELCRA.

31. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to harass or discriminate against an employee because of their race or skin color.

32. A respondeat superior relationship existed because Mr. Facaeanu had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of the Plaintiff's daily work activity, as alleged in the statement of facts.

33. Plaintiff is an African-American woman, and, as a result, is a member of a protected class, pursuant to the ELCRA.

34. Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

35. The communication and conduct were unwelcomed.

36. This unwelcomed conduct and communication were intended to or in fact did substantially interfere with Plaintiffs employment or created an intimidating, hostile, or offensive work environment as alleged in the statement of facts.

37. Plaintiff continually notified and complained to Defendant through its agents of the unwelcomed conduct or communication and Defendant failed to remedy the unwelcomed conduct or communication.

38. As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

39. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
## RETALIATION IN VIOLATION OF 42 USC § 1981

40. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as if fully set forth herein.

41. 42 USC § 1981 prohibits individuals from intentionally discriminating against and retaliating against persons who engage in protected activity, including reporting and opposing unlawful acts of race discrimination, in the making and enforcement of contracts.

42. Defendant's discrimination against Plaintiff as described above is in violation of the rights of Plaintiff afforded her by the First Amendment and the Civil Rights Act of 1866, 42 USC § 1981, as amended by the Civil Rights Act of 1991.

43. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by individuals who do not report discrimination, and those who are non-African American, to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 USC § 1981.

44. Plaintiff engaged in activity protected by 42 USC § 1981 when she complained of and opposed unlawful racial discrimination.

45. The retaliation by Defendant that Plaintiff experienced included enforcing policies more strictly against her, increased scrutiny, and termination.

46. The actions of Defendant and its agents were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

47. As a direct and proximate result of those actions, the terms, conditions, and privileges of Plaintiff's employment were adversely affected, and Plaintiff was unlawfully terminated.

48. But for Defendant's unlawful discrimination against Plaintiff for opposing racial discrimination, Plaintiff would not have suffered damages as set forth herein.

49. As a direct and proximate result of Defendant's wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, loss of fringe and pension benefits, outrage and humiliation, mental anguish, anxiety about their future, physical and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life.

## COUNT VI
## RETALIATION IN VIOLATION OF THE ELCRA

50. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

51. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

52. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

53. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

54. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including but not limited to when Plaintiff attempted to report the behavior she experienced, the issues she noticed, and other instances as alleged in the facts above.

55. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to multiple agents of Defendant.

56. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts.

57. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

58. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

59. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

60. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

61. Plaintiff requests relief as described in the Prayer for Relief below.

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

62. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

63. Plaintiff was fired from her position, due to Defendant's actions in terminating employees for minor offenses and not evenly enforcing its policies, all while perpetuating an environment of constant harassment and scrutiny by Defendant's agents

64. Defendant's conduct violated Michigan's public policy, which prohibits terminating employees for reporting discrimination or asserting their rights under the law.

65. As a direct and proximate result of Defendant's unlawful actions, Plaintiff suffered financial losses, emotional harm, and damage to her professional reputation.

## PRAYER FOR RELIEF

Plaintiff Katrina Lewis respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;

2. Exemplary damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: December 10, 2024

Respectfully Submitted,

/s/ Austen J. Shearouse
Carla D. Aikens (P69530)
Austen J. Shearouse (P84852)
CARLA D. AIKENS, P.C.
*Attorneys for Plaintiff*
615 Griswold Street, Ste. 709
Detroit, MI 48226
austen@aikenslawfirm.com